UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM BRANDON BARBER,

    Plaintiff,

v.                                                     Case No. 5:19-cv-382-TKW/MJF

FRANK SULLIVAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's response to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with three court orders.[1]

### I. Background

Plaintiff, a prisoner proceeding *pro se*, filed a document titled "Intent to Sue" and a motion for leave to proceed *in forma pauperis*. (Docs. 1, 2). On October 30, 2019, this court denied Plaintiff's motion to proceed *in forma pauperis* because Plaintiff failed to provide an inmate account statement covering the six-month period

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

preceding the filing of the complaint. (Doc. 4). In Plaintiff's first motion to proceed *in forma pauperis*, Plaintiff contended that "an inmate banking statement is impossible to be provided to the court due to the injury caused by the forced in personam conversion of person(s) or property, as explained above." (Doc. 2). This court addressed the statement above by explaining to Plaintiff that "[i]t is unclear to this court why Plaintiff is unable to provide an inmate account statement. This court will not grant a motion to proceed *in forma pauperis* without Plaintiff providing an inmate account statement covering the six-month period preceding the filing of the complaint." (Doc. 4). The undersigned provided Plaintiff until November 29, 2019, to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. (*Id.* at 2). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this action.

On November 8, 2019, Plaintiff filed a second motion for leave to proceed *in forma pauperis*. (Doc. 6). Again, Plaintiff failed to attach a Prisoner Consent Form and Financial Certificate signed by a jail official and an inmate account statement covering the six-month period preceding the filing of the complaint. Plaintiff attempted to explain his failures by stating that he is "unable to provide a proper printout of an inmate account . . . Although he is incarcerated it is through a forced in personam of a trademarked private business name and for the Plaintiff to provide

this court any information under a false name would be a crime in violation of Florida Statute 901.36(1)." (*Id.* at 5).

This court explained to Plaintiff that

> 28 U.S.C. § 1915 (a)(2) states that a prisoner seeking to proceed *in forma pauperis* "**shall** submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915 (a)(2) (emphasis added). Thus, if Plaintiff wishes to proceed *in forma pauperis* he **must** submit a Prisoner Consent Form and Financial Certificate signed by a jail official and an inmate account statement covering the six-month period preceding the filing of the complaint. If Plaintiff is unwilling to provide this court with the requisite documents, he will be required to pay the $400.00 fee.

(Doc. 7 at 2). The undersigned provided Plaintiff until December 16, 2019, to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. (*Id.* at 3). The undersigned again warned Plaintiff that failure to comply likely would result in dismissal of this action. Plaintiff failed to comply with that order.

On December 31, 2019, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to prosecute; and (3) failure to pay the filing fee. (Doc. 8). The undersigned imposed a deadline of January 21, 2020, to comply. The undersigned again warned Plaintiff that failure to comply likely would result in dismissal of this case. (*Id.*).

On January 8, 2020, Plaintiff responded to this court's order to show cause. (Doc. 9). Plaintiff alleged that: (1) his legal mail was "intentionally being tampered

with;" (2) that Bay County Sheriff's officers responded to a possible riot and while Plaintiff was being zip-tied, officers threatened Plaintiff regarding this litigation; (3) during the riot "a lot of everyone's property that day got thrown away intentionally;" and (4) that he is "in a dilemma" regarding his motion to proceed *in forma pauperis* because he is "being forced to commit a crime in violation of Florida Statute 901.36(1) . . . for want of a vested interest this agency is forcing in personam jurisdiction upon me of a misnomer and has me booked in jail as a person I'm not." (*Id.*). Plaintiff requested that this court accept the reasons provided as good cause and provide him with the court approved form for a third motion to proceed *in forma pauperis*. This court determined Plaintiff had not stated good cause for his failure to submit a proper motion for leave to proceed *in forma pauperis*. (Doc. 10 at 3). Thus, this court ordered Plaintiff to pay the $400.00 fee on or before February 24, 2020. (*Id.* at 4). This court again warned Plaintiff that failure to comply with the court order likely would result in dismissal of this action.

On February 5, 2020, Plaintiff responded to this court's order to pay the $400.00 fee. (Doc. 11). Plaintiff argued that he should be permitted to proceed *in forma pauperis* without completing the necessarily documentation. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order to pay the filing fee and he has not demonstrated good cause for these failures.

## II.  Discussion

The undersigned recommends that this action be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with three court orders.

**A.** <u>**Failure to Pay the Filing Fee**</u>

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff neither paid the filing fee nor submitted a proper motion for leave to proceed *in forma pauperis*. The undersigned directed Plaintiff to pay the filing fee or submit a completed motion to proceed *in forma pauperis* in accordance with the Local Rules for the Northern District of Florida and specifically warned Plaintiff that his failure to do so likely would result in dismissal. Plaintiff failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. Despite the undersigned issuing an order to show cause, Plaintiff did not seek an extension of time to comply with the undersigned's order. (Docs. 8, 10). Accordingly, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.     Failure to Comply with Three Court Orders**

Plaintiff's failure to comply with three court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc.*

*v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)   The duration of Plaintiff's failure to comply.** On November 15, 2019, the undersigned ordered Plaintiff to pay the filing fee or file a proper motion to proceed *in forma pauperis*. The undersigned imposed a deadline of December 16, 2019, to comply. Thus, Plaintiff has failed to comply with that order since December 16, 2019.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the order issued on November 15, 2019;

    b.    the order issued on December 31, 2019; and

    c.    the order issued on January 23, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff on four occasions that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 7, 8, 10). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively

prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with three court orders.
2. The clerk of the court be directed to close the case file.

At Panama City, Florida this <u>31st</u> day of August, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**